**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>OXFORD FINANCE LLC,<br><br>       Plaintiff,<br><br>v.<br><br>CV LANTERN PROPERTIES, LLC;<br>MADISON LANTERN PROPERTIES, LLC;<br>SAYBROOK LANTERN PROPERTIES, LLC;<br>ORCUS SYSTEMS AND SOLUTIONS, INC.; LANTERN OF SAYBROOK, INC.; and LANTERN OF CHAGRIN VALLEY, INC.,<br><br>       Defendants. | Case No. 1:23-cv-02175<br><br>Judge Dan Aaron Polster |

**PLAINTIFF OXFORD FINANCE LLC'S
RESPONSE TO DEFENDANTS' OBJECTION TO RECEIVER'S RETENTION OF
EVEREST MANAGEMENT SOLUTIONS, LLC**

Plaintiff Oxford Finance LLC ("Plaintiff") files this Response to the Objection to Receiver's Retention of Everest Management Solutions, LLC (Doc. No. 12) filed by the above captioned defendants ("Defendants").

**Response**

1. Plaintiff Supports Termination of Lantern.

Plaintiff fully supports Receiver's retention of Everest Management Solutions, LLC ("Everest") and termination of legacy manager Lantern Management LLC ("Lantern"). Lantern has the same ownership as Defendants and its main representative is Nesian Jean Makesh, who is also the main representative of Defendants. At the time Plaintiff filed its motion for receivership and complaint, it was hopeful that Lantern would act in the best interests of the receivership estate

1

and residents of the facilities during its tenure as manager in the receivership. Unfortunately, from the start of the receivership Lantern has instead taken actions in its own self interest detrimental to the receivership estate. Lantern has refused to inform its insurance company of receiver's appointment, thereby precluding receiver from coverage under the policy, which was required by the receiver order (paragraph 13) and jeopardizing the insurance coverage in general. Lantern has refused to inform employees of the facilities of the appointment of the receiver, creating trust and transparency issues. Lantern has refused to inform vendors of the appointment of the receiver, preventing receiver from obtaining receivership-appropriate terms and conditions from the vendors. Lantern has further continually promised payments to pre-receivership creditors in violation of the receiver order (paragraph 16) and even informed Plaintiff that it intended to use the receivership to catch up pre-receivership accounts payable. Plaintiff supports receiver's decision to terminate Lantern and hire a new manager, which is standard procedure in a receivership proceeding. Lantern was given the opportunity to do good here and it has proven otherwise.

2. Everest's Right of First Refusal Does Not Chill Bidding.

Plaintiff fully agrees with Defendants that any sale of the receivership property is subject to approval by this Court. Everest's engagement in no way trumps that requirement. Plaintiff does not believe providing Everest a right of first refusal on the purchase of the receivership property chills the solicitation of other bidders for the receivership property. This is not the situation where Everest has the right of first refusal based upon a certain price and could potentially acquire the receivership property at a price less than another willing and able bidder. The right of first refusal requires Everest to match any other bid. As a result, it has potential to drive up the bidding price

through competing bids by Everest and any other bidder and the highest and best bid, as approved by this Court, will prevail.

3. Everest's Compensation Terms Are Fitting for an Independent Manager.

Everest is an independent third party with no equity incentive tied to the receivership properties whereas Lantern is intimately tied to the equity interests of the receivership properties. Receiver agreed to pay Everest:

- a management fee (at 5% of gross revenue, which was the same fee provided for under Lantern's management agreement with defendants), plus

- an incentive fee tied to any increase of over $100,000 in EBITDAR from operation of the facilities while Everest if managing them, plus,

- if Everest is terminated as manager without cause within the first six months of the agreement, a termination fee equal to 6.5% of the foregoing six (6) months of gross revenue less the fees otherwise paid to Everest during that time (and if Everest is terminated within the following six (6) months, the fee reduces to 5%); and

- if Everest does not exercise its right of first refusal, receiver has agreed to a share in the sale proceeds above the secured debt (i.e., $24,000,000 plus all funds advanced in this receivership by Oxford).

Everest's operation of the receivership facilities is directly tied to any sale price thereof. The calculation is simple. An operating facility is worth more than a non-operating facility. An operating facility's worth is based upon its performance. A facility's performance is a result of the work of its manager. It is sound business judgment to incentivize Everest to increase the sale price based upon increased revenues and performance by a right of participation if a successful sale price is achieved. Each of these fees is based on real performance benchmarks and

incentivizes Everest to increase revenue at the facilities and thereby the value of the facilities, for the benefit of creditors and perhaps ultimately ownership and make perfect sense given their lack of equity interest in the properties.

WHEREFORE, Plaintiff respectfully requests the Court permit Receiver to retain Everest on the terms set forth in the Everest Management Agreement attached as Exhibit B to Defendant's objection.

Respectfully submitted,

*/s/ Marcel C. Duhamel*
Marcel C. Duhamel (0062171)
Carrie M. Brosius (0075484)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
Telephone: 216.479.6100
Facsimile: 216.479.6060
MCDuhamel@vorys.com
cmbrosius@vorys.com

-and-

Kenneth J. Ottaviano, of counsel (upon admission pro hac vice)
KOttaviano@blankrome.com
Paige B. Tinkham, of counsel (upon admission pro hac vice)
PTinkham@blankrome.com
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Tel: 312.776.2500

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing *Plaintiff Oxford Finance LLC's Response to Defendants' Objection to Receiver's Retention of Everest Management Solutions, LLC* was served (1) electronically on the date of filing through the court's ECF system, and (2) via regular U.S. Mail as indicated below.

CV Lantern Properties LLC
Madison Lantern Properties, LLC
Saybrook Lantern Properties, LLC
Orcus Systems And Solutions, Inc.
Lantern Of Saybrook, Inc.
Lantern Of Chagrin Valley, Inc.
**via ECF**

Lake County, Ohio, Treasurer
105 Main Street
Painesville, Ohio 44077
**via regular U.S. Mail**

Ashtabula County, Ohio, Treasurer
25 W. Jefferson St.
Jefferson, Ohio 44047
**via regular U.S. Mail**

Geauga County, Ohio, Treasurer
211 Main Street, Suite 1-A
Chardon, Ohio 44024-1249
**via regular U.S. Mail**

               */s/ Marcel C. Duhamel*
               Marcel C. Duhamel (0062171)